# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| CHURCHILL DOWNS INCORPORATED,<br><br>THE NEW YORK RACING ASSOCIATION, INC.,<br><br>              Plaintiffs,<br><br>   v.<br><br>HORSERACING INTEGRITY AND SAFETY AUTHORITY, INC.,<br><br>LISA LAZARUS,<br><br>CHARLES SCHEELER,<br><br>STEVE BESHEAR,<br><br>ADOLPHO BIRCH,<br><br>LEONARD S. COLEMAN, JR.,<br><br>JOSEPH DE FRANCIS,<br><br>TERRI MAZUR,<br><br>SUSAN STOVER,<br><br>BILL THOMASON,<br><br>D.G. VAN CLIEF,<br><br>THE UNITED STATES OF AMERICA,<br><br>FEDERAL TRADE COMMISSION,<br><br>LINA KHAN, in her official capacity as Chair of the Federal Trade Commission,<br><br>REBECCA KELLY SLAUGHTER, in her official capacity as Commissioner of the Federal Trade Commission, | Civil Action No. 3:24-cv-00706-RGJ |

| |
|---|
| ALVARO BEDOYA, in his official capacity as Commissioner of the Federal Trade Commission,<br><br>MELISSA HOLYOAK, in her official capacity as Commissioner of the Federal Trade Commission,<br><br>ANDREW N. FERGUSON, in his official capacity as Commissioner of the Federal Trade Commission,<br><br>                    Defendants. |

**PLAINTIFF THE NEW YORK RACING ASSOCIATION, INC.'S
MOTION TO DISMISS ITSELF WITHOUT PREJUDICE FROM THIS ACTION**

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiff The New York Racing Association, Inc. ("NYRA"), moves this Court to dismiss it from this action without prejudice. For the avoidance of doubt, Plaintiff The New York Racing Association, Inc., is not seeking dismissal or taking any other action with respect to the action of Plaintiff Churchill Downs Incorporated ("CDI") against Defendants, which continues and is unaffected in any way by NYRA's motion to voluntarily dismiss itself without prejudice.

Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Courts interpret "'on just terms' to mean 'without gratuitous harm to the parties.'" *Bernardez v. Firstsource Sols. USA, LLC*, 2021 WL 428841, at *8 (W.D. Ky. Feb. 8, 2021). "[G]ratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim." *Id.* A court "exercising its discretion under Rule 21" "must consider prejudice to the nonmoving party." *Mullins v. C.R. Bard, Inc.*, 2020 WL 4288400, at *2 (E.D. Ky. July 27, 2020); *see 7D Holdings, LLC v. Jawk Holdings LLC*, 2024 WL 5056637, at *4 (W.D. Ky. Dec. 10, 2024) (noting that Rule 21 considers the factors "of prejudice and fairness"). In determining whether defendants will suffer prejudice from the dismissal of a party, "a court should

1

consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Dropping NYRA from this case would not cause any gratuitous harm or prejudice to the parties to this action. NYRA is voluntarily requesting to dismiss itself from this action because it has reached a settlement of its claims in this action with the Authority Defendants. NYRA thus has a compelling reason to be dismissed from this action and would plainly suffer no harm if its requested relief is granted. Dismissing NYRA would not prejudice Plaintiff CDI because this motion does not seek any relief respecting CDI's claims against Defendants, which will remain pending and unaffected by the dismissal of NYRA from this action. Finally, dropping NYRA from this case will not cause any harm or prejudice to Defendants, who will have to respond to the same legal claims regardless of whether NYRA remains in this action. Plaintiffs have also diligently prosecuted this action, which remains at a very early stage—indeed, Defendants have not yet appeared in this action.

Because dropping NYRA from this action would not cause any gratuitous harm or prejudice to any party in this case, this Court should grant NYRA's motion to dismiss itself from this action.

Dated:  January 2, 2025

Respectfully submitted,

/s/ *Thomas H. Dupree, Jr.*
THOMAS H. DUPREE JR.
MATTHEW D. MCGILL
LOCHLAN F. SHELFER
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, DC 20036
Phone: (202) 955-8500
E-mail: tdupree@gibsondunn.com

*Counsel for The New York Racing Association, Inc.*

3